INDIANA DEPARTMENT OF STATE REVENUE,
INHERITANCE TAX DIV., STATE OF INDIANA
*v.* SHORT, ADMINISTRATRIX.

[No. 18,732.   Filed January 10, 1956.   Rehearing denied
February 23, 1956.]

*Edwin K. Steers,* Attorney General, and *George B. Hall,* Deputy Attorney General, for appellant.

*Nichols and Nichols,* of Knox, for appellee.

CRUMPACKER, J.—John E. Short, late of Starke County, Indiana, died intestate on October 22, 1953, leaving

his wife, Orpha M. Short, as his sole and only heir at law. The Starke Circuit Court found the value of the property "transferred" to Orpha M. Short by reason of her husband's death to be $95,188.98 and fixed the inheritance tax thereon at $1,655.67. The court arrived at this sum by first deducting from the widow's inheritance of $95,188.98 her statutory exemption of $15,000 leaving a net value subject to tax in the sum of $80,188.98. On this balance the court taxed the first $25,000 at one percent, the second $25,000 at two percent and the excess over $50,000, to-wit, $30,188.98 at three percent. The appellant accepts the net value of the property inherited by Orpha M. Short as found by the court but contends that the formula used in computing the tax is erroneous. Its position is that the widow's exemption of $15,000 should have been deducted from the first $25,000 she inherited leaving a balance of $10,000 to be taxed at one percent. The second $25,000 is taxable at two percent and the excess over $50,000, to-wit, $45,188.98 at three percent. By this method of computation the tax amounts to $1,955.67.

Our inheritance tax law provides that: "The tax imposed hereby shall be upon the market value of such property or interest and at the following rates: Class A. (Which includes a widow who inherits from her deceased husband). 1% not exceeding $25,000 in value. 2% over $25,000 and not exceeding $50,000 in value. 3% over $50,000 and not exceeding $200,000 in value. . . ." Sec. 7-2402, Burns' 1953 Replacement.

In reference to exemptions, §7-2403, Burns' 1953 Replacement provides that "Transfers to a wife shall be taxable only to the extent that the value of the property so transferred exceeds fifteen thousand dollars ($15,000), . . . The foregoing exemptions shall

be deducted from that portion of the assigned interest of any transferee which may be taxable at the primary rate of tax."

It seems clear to us that these two sections of the statute, when read together and applied to the present facts, mean that where a man dies and leaves his widow property valued at $95,188.98 her inheritance, for tax purposes, shall be considered to be $80,188.98. Of this $10,000 is taxable at one percent, $25,000 at two percent and $45,188.98 at three percent. On this basis the court's computation of the tax is erroneous. It should be noted however that the court, in its order fixing the value of the property "transferred" to Orpha M. Short by reason of her husband's death, erroneously added the figures constituting the total gross value of the estate. The correct figure is $87,278.93 instead of $98,194.72 from which claims, debts, costs, etc. in the sum of $13,921.53 should be deducted leaving the total net value of the estate at $73,357.40. To this is added the value of transfers "outside" the estate in the sum of $10,915.79 making the grand total of Orpha M. Short's inheritance $84,273.19 instead of $95,188.98 as shown in the court's order.

The order of the court fixing the tax due on Orpha M. Short's inheritance is hereby vacated and the matter remanded with instructions to determine the same in a manner consistent with this opinion.

NOTE.—Reported in 131 N. E. 2d 154.